# ORIGINAL

# In the United States Court of Federal Claims

Pro Se
No. 15-389C
(Filed: September 3, 2015)

FILED

SEP - 3 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CHRISTOPHER J. EMERSON, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Pro Se Plaintiff; Motion to Dismiss for
Lack of Subject Matter Jurisdiction;
RCFC 12(b)(1); Unjust Conviction
and Imprisonment; 28 U.S.C. § 1495;
28 U.S.C. § 2513.

*Christopher J. Emerson*, Tennessee Colony, TX, plaintiff pro se.

*Daniel Kenneth Greene*, Trial Attorney, with whom were *Reginald T. Blades, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

This case is before the Court on the government's motion to dismiss for lack of subject matter jurisdiction and plaintiff's motions for judgment on the pleadings and for summary judgment. For the reasons set forth below, the government's motion to dismiss is **GRANTED**, and plaintiff's motions are **DENIED** as moot.[1]

## BACKGROUND

Plaintiff Christopher J. Emerson is currently incarcerated in the Mark W. Michael Unit, a Texas Department of Criminal Justice prison located in Tennessee Colony, Texas. Compl. at 2; Def.'s Mot. to Dismiss at 1. Mr. Emerson was convicted of an October

---

[1] Mr. Emerson has filed a motion to proceed in forma pauperis. The Court **GRANTS** that motion for purposes of deciding the pending motion to dismiss.

1985 aggravated sexual assault in Harris County, Texas and sentenced to thirty-five years confinement in the Texas Department of Corrections. See Emerson v. Thaler, 544 F. App'x 325, 326 (5th Cir. 2013); Emerson v. State, 756 S.W.2d 364, 365 (Tex. App. 1988); see also Compl. Ex. 1 at 1. He was separately convicted of a November 1985 sexual assault of the same victim, but the Texas Court of Criminal Appeals later overturned the second conviction because of the prosecution's discriminatory use of peremptory challenges. Emerson v. State, 851 S.W.2d 269, 274-75 (Tex. Crim. App. 1993). It appears that he was never retried for this second offense.

Mr. Emerson claims that he was unjustly convicted and imprisoned and that he is actually innocent of the charges on which he was convicted. Compl. at 2. In addition, he names as defendants sixteen federal district and appellate judges, alleging that they violated his constitutional rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. Id. At 2-3. Also citing various criminal statutes, he contends that they "are responsible for the perpetuation of . . . [his] unjust conviction and imprisonment" and that they have "conspired to actively injure, oppress, threaten and intimidate" him for exercising his constitutional rights. Id. at 1, 7. As relief for these alleged wrongs, Mr. Emerson seeks (1) unspecified damages for unjust conviction and imprisonment under 28 U.S.C. § 1495, id. at 1; (2) habeas corpus relief under 28 U.S.C. § 2254, id. at 1, 4-8; and (3) "declaratory relief" and "[s]uch other equitable relief [that the Court may] deem[] as just, equitable[,] and fair," id. at 1, 9.

In its motion to dismiss, the government argues that (1) Mr. Emerson "has failed to allege, and cannot demonstrate, any of the jurisdictional prerequisites for" a claim of unjust conviction and imprisonment pursuant to 28 U.S.C. §§ 1495 and 2513; (2) the Court of Federal Claims does not have jurisdiction to grant habeas corpus relief or to review other federal court judgments denying such relief; (3) the Court of Federal Claims does not have jurisdiction to rule on Mr. Emerson's allegations of criminal violations or his constitutional tort claims; and (4) Mr. Emerson's claim for equitable relief is not "incident of or collateral to" a claim for monetary relief, as required for this Court to have jurisdiction under the Tucker Act. Def.'s Mot. to Dismiss 4, 7-8, 10. For the reasons set forth below, the Court agrees with all four of the government's arguments and therefore dismisses Mr. Emerson's complaint.

## DISCUSSION

### I.  Standards for Subject Matter Jurisdiction

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court

that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act also gives this court limited jurisdiction to grant equitable and declaratory relief, but only when such relief is "an incident of and collateral to" a money judgment. Id. § 1491(a)(2); Bobula v. U.S. Dep't of Justice, 970 F.3d 854, 859 (Fed. Cir. 1992).

The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In addition to the Tucker Act, 28 U.S.C. § 1495 gives the Court of Federal Claims "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." Section 2513 of the same title sets forth the "requisite facts" that "[a]ny person suing under section 1495 . . . must allege and prove."[2] 28 U.S.C. § 2513. It further provides that proof of such facts "shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received." Id. § 2513(b).

---

[2] These facts include the following:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

## II.   Application of Standards to Mr. Emerson's Claims

### A.   The Court Lacks Jurisdiction over Mr. Emerson's Unjust Conviction and Imprisonment Claim

Although Mr. Emerson alleges that he was unjustly convicted and imprisoned, 28 U.S.C. § 1495 cannot provide a basis for jurisdiction in his case.  For one thing, as the government observes in its motion to dismiss, Mr. Emerson's conviction was not for an "offense against the United States."  28 U.S.C. § 1495.  Rather, he was convicted in a Texas state court under Texas state law.  See Emerson, 756 S.W. 2d at 365; Emerson, 544 F. App'x at 326; see also Robinson v. United States, No. 99-5120, 2000 WL 158487, at *1 (Fed. Cir. Feb. 11, 2000) (affirming Court of Federal Claims's dismissal for lack of subject matter jurisdiction over plaintiff's complaint when plaintiff was tried and convicted of criminal charges in Indiana state court); Jiron v. United States, 118 Fed. Cl. 190, 201 (2014) (dismissing plaintiff's complaint for lack of subject matter jurisdiction because plaintiff was tried and convicted of criminal charges in Colorado state court).  Therefore, because § 1495 grants this court jurisdiction to hear claims only by a person unjustly convicted of an offense against the United States, that statute does not provide a basis for jurisdiction over Mr. Emerson's claim.

A separate and independent ground on which Mr. Emerson's unjust conviction and imprisonment claim must be dismissed is that Mr. Emerson has not provided, as required under 28 U.S.C. § 2513, a certificate proving that his conviction was set aside by a court on the ground that he is not guilty or that he has been pardoned upon the stated ground of innocence.  See, e.g., Humphrey v. United States, 52 Fed. Cl. 593, 598 (2002) (holding that Court of Federal Claims lacked jurisdiction to entertain claim of unjust conviction and imprisonment, absent a valid certificate of innocence), aff'd, 60 F. App'x 292, 295 (Fed. Cir. 2003).  Further, and even regardless of the requirement to furnish a certificate, Mr. Emerson is currently imprisoned on a conviction that, to the court's understanding, has not been set aside.  Although his second conviction was reversed by the Texas Court of Criminal Appeals, his first conviction was affirmed on direct appeal. Emerson, 544 F. App'x at 326 (citing Emerson, 756 S.W. 2d at 370).  Because Mr. Emerson has not and cannot satisfy jurisdictional prerequisites under 28 U.S.C. §§ 1492 and 2513, the Court must dismiss his claim for unjust conviction and imprisonment.

### B.   The Court Does Not Have Jurisdiction to Grant Habeas Corpus Relief or to Review Other Courts' Denials of Such Relief

Mr. Emerson cites the habeas statute throughout his complaint and seeks "[i]mmediate enforcement" of that statute as relief.  Compl. at 1, 4-8.  That statute, however, explicitly provides a list of courts and judicial officers authorized to entertain habeas applications, and this list does not include the Court of Federal Claims or any judge thereof.  28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . .");  see also Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002).  Thus, to the extent that

Mr. Emerson's complaint seeks a writ of habeas corpus from this Court, it must be dismissed for lack of subject matter jurisdiction.

### C.   The Court Lacks Jurisdiction Over Mr. Emerson's Tort, Criminal, and Constitutional Claims

As noted above, Mr. Emerson names as defendants sixteen federal district and appellate judges and alleges that they have "conspired to actively injure, oppress, threaten and intimidate" him for exercising his constitutional rights. Compl. at 1, 7. As a preliminary matter, this Court only has jurisdiction over claims "against the United States." 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . ."). It does not have jurisdiction over claims against individuals in general or federal judges in particular. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials"); Coleman v. United States, 116 Fed. Cl. 461, 470 (2014) (citing Mireles v. Waco, 502 U.S. 9, 11-13 (1991)) (observing that "[j]udges enjoy immunity from suit for activities performed in their official judicial capacity").

Moreover, in asserting that the actions of the judges named in his complaint violated his constitutional rights and that the judges "conspired to actively injure, oppress, threaten and intimidate" him, Mr. Emerson appears to allege tortious and criminal conduct. Compl. at 7. This Court, however, does not have jurisdiction over claims sounding in tort, nor does it have jurisdiction "to adjudicate any claims whatsoever under the federal criminal code." Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort"); Coleman, 116 Fed. Cl. at 471 (dismissing for lack of jurisdiction tort claims brought against a federal judge). Furthermore, this Court does not have jurisdiction over Mr. Emerson's constitutional claims because the constitutional provisions that he cites do not mandate the payment of money damages. See, e.g., United States v. Connolly, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment . . . cannot be . . . interpreted to command the payment of money"); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clause of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause . . . . do not mandate payment of money by the government."); Carter v. United States, 228 Ct. Cl. 898, 900 (Ct. Cl. 1981) (observing that the Thirteenth Amendment "do[es] not grant a right to the payment of money"); Jiron, 118 Fed. Cl. at 199 (observing that the Court of Federal Claims does not have "jurisdiction to adjudicate claims under the Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments to the United States Constitution"). As a result, Mr. Emerson's claims grounded on constitutional rights or criminal statutes must be dismissed for lack of subject matter jurisdiction.

### D. The Court Does Not Have Jurisdiction to Grant Mr. Emerson's Request for Equitable Relief

Finally, this Court does not have jurisdiction to grant Mr. Emerson's request for equitable relief. "Unlike the district courts . . . the [Court of Federal Claims] has no general power to provide equitable relief against the Government or its officers." United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011). Rather, the Court has jurisdiction over claims "for liquidated or unliquidated damages," and only "[t]o provide an entire remedy and to complete the relief afforded by [a money judgment], the court may, as an incident of and collateral to any such judgment," grant equitable relief. 28 U.S.C. § 1491(a). Especially in light of the Court's conclusion that it lacks jurisdiction over all of Mr. Emerson's claims, his request for equitable relief is not "an incident of or collateral to" any claim for monetary relief over which the Court has jurisdiction.

### CONCLUSION

As explained above, the government's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff's motions for judgment on the pleadings and for summary judgment are **DENIED** as moot. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge